```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


IN RE:                              *      CIVIL ACTION

ALBERTA INC.                        *      NO. 14-1910
                                           c/w 14-1911,
                                               14-1912,
                                               14-1913[1]

                                    *      SECTION "F"
```

### ORDER AND REASONS

Before the Court are two motions: (1) the plaintiff's motion to remand and (2) the defendants' motion to strike plaintiff's motion to remand. For the reasons that follow, the motion to remand is GRANTED and the motion to strike is DENIED as moot.

### Background

These consolidated cases arise from decisions of Troy Hebert, the Commissioner of Alcohol and Tobacco Control of the State of Louisiana, in which he revoked permits to sell alcohol and failed to renew the permits issued to Aberta, Inc. and B Express Elysian Fields, LLC, which are convenience stores or gas stations.

In April 2013, the Commissioner revoked the permits for these stores on the ground that the companies were violating La. R.S. 26:80, which prohibits the spouse of a convicted felon from receiving a permit, and disqualifies any company in which any prohibited person acts as officer or director, or in which the

---

[1] This Order relates to all cases.

1

prohibited person owns more than 5% of the stock or membership interest. The Commissioner's investigation revealed that Fatmah Hamdan owned all of the interest in Aberta and B Xpress from 2009 until 2013 and that her husband, Omar Hamdan, was a convicted felon.

In light of the administrative action and after several hearings before the Commissioner, Mrs. Hamdan sold the two stores to her nephew. But Mrs. Hamdan then rescinded that sale; ultimately, she resold the stores to Robert G. Harvey, III, the plaintiff and acting attorney in these cases. With Harvey as the new owner, the Commissioner reinstated the permits for the companies in June 2013. The Commissioner, however, promptly revoked the permits to the two companies a few months later, after an administrative hearing on September 10, 2013.[2] The Commissioner reasoned that the Hamdans continued to run the Aberta store and that Fatmah Hamdan continued to hold an ownership interest, contrary to prior administrative orders and La. R.S. 26:80(C)(1).

Harvey, in his capacity as sole owner, president and secretary of Aberta and as managing member/sole owner of B Xpress filed a lawsuit for a temporary restraining order and preliminary and permanent injunction in Civil District Court (case no. 13-8714) against the State of Louisiana, Department of Revenue, Office of

---

[2]The Commissioner found that he had authority to revoke the permits of *both* Aberta and B Xpress pursuant to La. R.S. 26:94 because both companies were operated by the same management.

Alcohol and Tobacco Control (ATC), and Troy Herbert, both individually and in his official capacity as Commissioner of the ATC (the Injunction Proceeding). Harvey sought injunctive relief from enforcement of the administrative order revoking the companies' permits to sell alcohol. On September 13, 2013, presiding Judge Cates granted a TRO and, then on September 25, 2013, Judge Cates granted the plaintiff's request for preliminary injunction.[3] On December 30, 2013, the defendants appealed; the writ application and the appeal are currently pending in state court.

On September 19, 2013, the plaintiff, Harvey, filed a second case (case no. 2013-8925) in Civil District Court (the Review Proceeding). Here, he sought a de novo review of the permit revocation orders issued by the Commissioner allowed for under La. R.S. 26:106. On February 4, 2014, Judge Cates, with the consent of the parties, entered an order consolidating the Injunction Proceeding and Review Proceeding.

---

[3]The injunction, signed December 19, 2013, specifically provided that:
> [T]he State of Louisiana, Department of Revenue, Office of Alcohol and Tobacco Control is enjoined, restrained, and prohibited from enforcing its September 11, 2013 <u>Order</u> of Commissioner Herbert...in any way suspending, revoking, and/or taking any action whatsoever against the permit numbers [of the companies]; and further enjoining and prohibiting the ACT from preventing or otherwise impeding the sale of the businesses at issue.

Because the permits issued to Aberta and B Xpress were set to expire May 31, 2014, they applied for new permits. On May 30, 2014, Commissioner Herbert issued a written order determining that the permits would not be renewed due to outstanding tax liabilities owed by both companies to the Louisiana Department of Revenue.[4]

On June 5, 2014, Harvey received certified letters from the revenue department informing him that a jeopardy assessment had been levied under L.S.A.-R.S. 47:1566 for unpaid taxes.[5] On the same date, the plaintiff, again acting on behalf of Aberta and B Xpress, filed a second petition in the Injunction Proceeding seeking a TRO and preliminary and permanent injunction to prevent the Commissioner from enforcing the order denying renewal of the permits. Harvey also requested that the court hold defendants in contempt for violating the September 25, 2013 injunctive judgement entered by Judge Cates. On June 20, 2014, Judge Cates granted a preliminary injunction, ordering the ATC to immediately issue the renewal permits and restraining ATC and the Commissioner from any further action against Harvey's stores. Judge Cates also held the Commissioner in contempt of court. The Commissioner appealed the

---

[4] A factual dispute exists with regard to whether the tax liabilities were cleared with the Louisiana Department of Revenue.

[5] Plaintiff claims that he had no notice of his alleged jeopardy status and that the assessment was an "extraordinary remedy" inappropriately employed under the circumstances. Thus, plaintiff submits that the ATC, Hebert and the LDR intentionally fabricated the jeopardy assessment to cloak Hebert with the statutory authority to deny plaintiff's permit renewal.

judgment; that appeal is also pending.

On June 6, 2014, before judgment was rendered with regard to the second petition, Harvey had learned that the revenue department had seized all bank accounts of Aberta and B Xpress in an effort to satisfy the alleged delinquent taxes.  This forced both companies to seek bankruptcy relief under Chapter 11 in the bankruptcy court of the Eastern District of Louisiana on June 20, 2014.

On July 30, 2014, Harvey, acting again on behalf of Aberta and B Xpress, filed an amended petition in the Injunction Proceeding. Harvey added as defendants the Department of Revenue and Unknown/Unnamed Employees of the LDR for those acts connected with the issuance of the jeopardy assessment.  By this amended petition, the plaintiff seeks damages, as well as a TRO, and a preliminary and permanent injunction against the Department.  Harvey also added claims that the defendants' acts worked to deprive him of his civil rights, including his constitutional due process right to notice.[6] That same day, Commissioner Hebert removed both the Injunction Proceeding and the Review Proceeding to this Court, invoking the Court's federal question and bankruptcy jurisdiction.

Because the Injunction and Review Proceedings were removed to this Court pursuant to 28 U.S.C. § 157(a), they were automatically

---

[6]The plaintiff does not specify whether he seeks relief under the State or U.S. Constitutions.  Defendants suggest that they were not served with this pleading, and that the Department has not appeared in the proceeding.

transferred to the bankruptcy court pursuant to Local Rule 83.4.1.[7] While the cases were pending in the bankruptcy court, in August 2014, Hebert noticed for submission before this Court his request that the bankruptcy reference be withdrawn.[8] Meanwhile, on September 4, 2014, however, the bankruptcy proceedings involving Aberta and B XPress were dismissed. Because bankruptcy jurisdiction no longer existed under 28 U.S.C. § 1334, this Court denied as moot the motion to withdraw the reference on October 16, 2014. The plaintiff now seeks remand to state court and the defendants request that the Court strike the motion to remand.

I.

A.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case, that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a).

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114

---

[7] Local Rule 83.4.1 provides that all cases under Title 11 and any case arising in or related to cases under Title 11 are automatically "transferred by the district court to the bankruptcy judges of this district."

[8] Four requests to withdraw the reference were filed, in Civil Action numbers 14-1910, 14-1911, 14-1912, and 14-1913; but on February 4, 2014 the cases were consolidated.

S. Ct. 192, 126 L.Ed.2d 150 (1993); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." <u>Gutierrez v. Flores</u>, 543 F.3d 248, 251 (5th Cir. 2008). Further, informed by notions of comity and in recognition of the limited nature of federal court jurisdiction, "any doubt as to the propriety of removal should be resolved in favor of remand." <u>Id.</u>

*B.*

The plaintiff insists that remand is required because only state law is invoked by the state court petitions. The plaintiff further contends that removal was untimely and procedurally defective because not all defendants have joined. Additionally, the defendant state agencies have not waived sovereign immunity from being sued in federal court. Lastly, the plaintiff cites to equitable grounds for compelling this Court to remand because the defendants' motions amount to nothing more than a forum shopping ploy.

The defendants counter that the plaintiff's claims arise under this Court's federal question jurisdiction; that the untimeliness argument fails because the supplemental petition was the first instance in which federal claims were alleged. The defendants suggest that those defendants that had not been served need not join in the removal under 28 U.S.C. § 1446(2)(A). Lastly, the defendants insist that sovereign immunity can be, and has been,

waived.

## II.
### *A.*

The Court takes up the issue of sovereign immunity first.  The plaintiff contends that the defendants (agencies of the State of Louisiana) have not waived their sovereign immunity from being sued in federal court.  The defendants, and this Court, disagree.

The Eleventh Amendment bars any suit against a State in federal court, unless either the State has waived its sovereign immunity or Congress, pursuant to another provision in the Constitution, has expressly abrogated the State's immunity. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-40 (1985).  A State may constructively waive this immunity protection by making "'an unequivocal indication that the State intends to consent to federal jurisdiction.'"  Lockett v. New Orleans City, 639 F.Supp.2d 710, 721-22 (E.D. La. 2009)(quoting Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985)).  The Fifth Circuit instructs that a State's voluntary action in removing a case from state to federal court constitutes an unequivocal waiver of Eleventh Amendment immunity.  Meyers ex. rel. Benzing v. Tx., 410 F.3d 236, 255 (5th Cir. 2005)(citing Lapides v. Bd. of Regents, 535 U.S. 613 (2002)); see also Archie v. LeBlanc, No. 8-CV-1381, 2010 WL 3522296, at *4 (W.D. La. Jul. 28, 2010); Levy v. Office of the Legislative Auditor, 362 F. Supp. 2d 729, 735 (M.D. La. 2005); Varnado v. Hegmann, 211 F. Supp. 2d 801 (M.D. La. 2002); Dimitric

v. Tx. Workforce Comm'n, No. 07-0247, 2008 WL 687463 (S.D. Tex. Mar. 11, 2008)(noting that because the Fifth Circuit has broadly interpreted Lapides, waivers exist where a state defendant merely consents to a co-defendant's removal); compare Union Pac. R.R. Co. v. Louisiana Pub. Serv. Comm'n, 662 F.3d 336, 341 (5th Cir. 2011)(reasoning that where the State of Louisiana was *involuntarily* haled into federal court as a defendant, there was never a voluntary invocation of, or unequivocal submission to, federal jurisdiction).  Because the defendant state actors have removed or consented to removal, they have made the choice to invoke federal jurisdiction and thus waive sovereign immunity.

*B.*

The Court now considers whether it has federal question jurisdiction over the subject matter of this dispute.

The defendants base removal on 28 U.S.C. § 1441(b);[9] federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The parties agree that no diversity jurisdiction

---

[9]Because diverse citizenship is lacking, it appears that the defendants intended to invoke amended Section 1441(a), the general removal provision, which provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants....

exists in this case.  Accordingly, the case is removable only if the suit raises a federal question.

    1.   The Well-Pleaded Complaint Rule

Whether a claim "arises under" federal law is determined by reference to the allegations of the well-pleaded complaint.  <u>See</u> <u>Merrell Dow Pharm. Inc. v. Thompson</u>, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (citing <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)); <u>see</u> <u>also</u> <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).  The federal question must appear on the face of the complaint.  <u>See</u> <u>Tores v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997) (citations omitted).

    The defendants contend that, for the first time in the supplemental state court petition, the plaintiff alleges federal claims.  On its face, the petition does not reference a specific law or constitutional provision but, rather, states in generic terms:

> Defendants actions, inactions and ultra vires acts under color of law are a denial of petitioner['s] constitutional due process rights and civil rights for which petitioner is entitled to damages all in an amount to be determined by the trier of fact.

The defendants insist that this Court has jurisdiction because the plaintiff is asserting due process and civil rights deprivation claims arising under federal law, triggering federal question

jurisdiction under 28 U.S.C. § 1331.  The defendants also point to language in the petition in which the plaintiff alleges that unnamed persons in the Louisiana Office of Alcohol and Tobacco Control and the Department conspired with Commissioner to deprive plaintiff of his civil rights.  Such language, the defendants argue, constitute civil rights conspiracy claims falling within the court's specific federal question jurisdiction under 28 U.S.C. § 1343.[10]  The defendants finally urge the Court to exercise supplemental jurisdiction over any and all remaining state law claims under 28 U.S.C. § 1367(a).[11]  The plaintiff counters that remand is required because he chose a state forum and none of his allegations explicitly invoke federal law.  The Court agrees.

The plaintiff is considered master of his complaint, and whether a case "arises under" federal law is to be determined by the allegations of the petition.  <u>Great Northern Ry., Co. v. Alexander</u>, 246 U.S. 276, 281 (1918).  If the case is not then removable, it cannot be made removable by subsequent pleadings by the defendant.  <u>Id.</u>  To be sure, a plaintiff cannot avoid federal jurisdiction by "artfully pleading" a federal cause of action in state terms, but when both federal and state remedies are

---

[10] The Court notes that the defendants inadequately brief this contention.

[11] The defendants had originally premised removal also upon bankruptcy jurisdiction, 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334, but given that the underlying bankruptcy proceedings involving Aberta and B XPress have been dismissed, these arguments are moot.

available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995).[12]

2.

Applying these principles to the state court petitions, the Court finds that the plaintiff pleads only state law claims, and is not asserting federal civil rights claims.  Indeed, where, as here, courts are confronted with vague allegations concerning deprivation of civil rights and liberties, courts do not read the complaint to assert a federal claim for removal purposes when clear state law concurrently protects such rights.  See Stinson v. Scoggins, No. 07-1757, 2008 WL 631204, at *3 (W.D. La. Mar. 4, 2008) (citing MSOF Corp. v. Exxon Corp., 295 F.3d 485 (5th Cir. 2002); Avitts v. Amoco Prod. Co., 53 F.3d 690 (5th Cir. 1995));  see also Brumfield v. City of Baker, No. 11-507, 2011 WL 5178267, at *2 (M.D. La. Sept. 30, 2011)("[F]ederal question jurisdiction does not exist merely because a federal claim, such as a § 1983 claim, that was not pleaded by the plaintiff may be available to him/her."); Patrick v. McLaughlin, No. 06-2102, 2007 WL 1229024, at *2 (W.D. La. Mar. 9,

---

[12] In addition to the "artful pleading doctrine," there is another exception to the well-pleaded complaint rule.  If federal law has completely preempted state law that serves as the basis for the complaint, then removal is permitted.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  As to this exception, complete preemption does not apply to § 1983 claims; nothing in the history of that legislation suggests Congress intended to preempt the civil rights area.  Brumfield v. City of Baker, No. 11-507, 2011 WL 5178267, at *2 (M.D. La. Sept. 30, 2011).

2007)("The fact that [the plaintiff] omitted references to the U.S. Constitution, 42 U.S.C. §1983, and the Civil Rights Act in this suit is a strong indication that he intended to proceed under state law."); Smith v. Bank One Corp., No. Civ.A. 03-3372, 2004 WL 1274480, at *2 (E.D. La. June 7, 2004)(concluding that the "conclusory mention that a private actor's conduct violates civil and constitutional rights" did not insinuate that the plaintiff was pursuing a federal claim).  Compare Warner v. Whitney Corp., No. Civ.A. 01-2103, 2001 WL 1083771, at *1 (E.D. La. Sept. 14, 2001)(finding federal jurisdiction where the petition alleged denial of rights "as enumerated under Section 1983" and the U.S. Constitution).  These courts have further determined that where a plaintiff *unequivocally states* that he is proceeding based on state law causes of action, the defendant may not remove based on a federal claim that the plaintiff may possess but has chosen not to assert.  See Stinson, 2008 WL 631204, at *3; see also Brumfield, 2011 WL 5178267, at *3 (remanding a case where the petition did not cite to any specific federal law or constitutional right, and where the plaintiff stated unequivocally that she was proceeding solely upon a state law claim); Anderson v. Nissan Motor Acceptance Corp., 326 F. Supp. 2d 760, 764 (S.D. Miss. 2003)(finding an unequivocal election to pursue state law claims when plaintiff's petition expressed a state law basis for such despite the availability of a federal remedy).

The Court declines to read into the plaintiff's state court petition a federal claim.  However, even if the Court determined that the plaintiff's allegations created an ambiguity as to whether federal question jurisdiction exists, the removal statute is to be strictly construed and "any doubt as to the propriety of removal should be resolved in favor of remand."  See Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008); see also Lewis v. Godawa, No. 11-541, 2011 WL 4703102, at *2 (M.D. La. Aug. 29, 2011)(holding that where a reference to civil rights violation could constitute a claim under state or federal law, ambiguities are construed against removal).

Accordingly, the plaintiff's motion to remand is GRANTED and the defendants' other pending motions are DENIED as moot.[13]  These consolidated cases are hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, November 6, 2014.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[13]The defendants suggest in their motion to strike the motion to remand that the motion to remand was improperly filed by non-parties to the litigation. The defendants also request a reconsideration of this Court's prior ruling  denying as moot the motion to withdraw the reference.  The briefing on these (and all issues) has been woefully inadequate.  But, because this Court lacks subject matter jurisdiction over these consolidated cases, these remaining issues are moot. The Court admonishes all counsel and parties -- should they find themselves in federal court again -- to be mindful of 28 U.S.C. § 1927.